Albert WEISS and Ira J. Jaffe, Plaintiffs and Counter-Defendants-Appellants,

v.

FEDERAL DEPOSIT INSURANCE COR-PORATION, a corporation organized and existing under the laws of the United States of America, Defendant and Counter-Plaintiff-Appellee.

No. 79–1657.

United States Court of Appeals, Sixth Circuit.

Argued June 8, 1981.

Decided July 16, 1981.

Brian G. Shannon, Jaffe, Snider, Raitt, Garrett & Heuer, Detroit, Mich., for plaintiffs and counter-defendants-appellants.

Larry E. Powe, Mount Clemens, Mich., for defendant and counter-plaintiff-appellee.

Before EDWARDS and WEICK, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Appellants Weiss and Jaffe have appealed to this court from an order of the district court granting summary judgment in favor of Federal Deposit Insurance Company (FDIC), in an action brought to collect the balance of principal and interest due on a promissory note executed by Weiss as maker and Jaffe as endorser in the amount of $150,000 payable to the order of Northern Ohio Bank (Bank), an Ohio banking corporation at its office in Cleveland, Ohio, one year after date and later assigned to FDIC.

Weiss originally brought an action in the Michigan Circuit Court against FDIC for declaratory judgment. FDIC removed the case to the federal court and counterclaimed for recovery on the note adding an additional party Jaffe, alleging him as an endorser or guarantor. Appellants answered the counterclaim of FDIC asserting the defense of usury under Michigan law and the complaint for declaratory judgment was dismissed. Appellee FDIC thereby assumed the position as plaintiff in the case and Weiss and Jaffe thereby became defendants.

The note was a printed form used by the bank and provided for interest accruing at the rate of "prime plus two" percent and was secured by fifteen thousand (15,000) shares of common stock listed on the "over-the-counter" stock exchange which shares of stock were in the possession of the bank at its offices in Cleveland, Ohio. The note was executed by appellants in Michigan where they resided and they mailed it to the bank in Cleveland. Upon receipt of the note, the bank mailed to Weiss its official bank check payable to Weiss in the amount of $150,000 and Weiss deposited the check in his account in the Michigan National Bank of Detroit, account No. 0221–0560–5.

Weiss made a payment on principal to the bank in the amount of $6,930.88 leaving a principal balance in the amount of $144,069.12. Subsequently, Weiss forwarded to the bank in Cleveland two checks as interest payments totalling $5,314.03 based upon the fluctuated prime interest rate of 14 percent as of that date.

In 1975, the bank was closed by the Superintendent of Banks of the State of Ohio. By order of the Common Pleas Court of Cuyahoga County, Ohio, where the assets of the bank were being liquidated, FDIC purchased certain assets of the bank including the promissory note involved in the present case. By agreement of the parties to this case, the FDIC sold the shares of common stock it held as collateral and applied the proceeds of sale to the principal balance owed on the note. At the present time, there is a balance due on the note in the principal amount of $36,804.22 with a higher interest balance as of April 18, 1979 in the amount of $50,061.69.

It is the position of appellants that significant acts took place in the State of Michigan where they resided and that the usury laws of Michigan apply. They rely on Mich. Comp. Laws Ann. § 438.31. FDIC relies on the Ohio usury statute Oh. Rev. Code Ann. § 1343.01.

Each of the parties to this case filed motions for summary judgment. The district judge, who is knowledgeable in Michigan law because of long experience, applied the rule of Michigan conflicts law as Michigan is the forum state. The court held that the bank loan was entered into in the State of Ohio, where the bank was located and the last act was performed including the insertion in the blank spaces of the notes. The court relied on *State of Ohio v. Eubank*, 295 Mich. 230, 294 N.W. 166 (1940), and other Michigan cases. Under Ohio law,

the interest provided for in the note was not usurious.

It is significant that appellants have not cited a single case involving a bank loan, and we have not been able to find one where it was ever held that the loan was not governed by the law of the place where the bank was located and the loan was made. We therefore affirm for the above reasons and the additional reasons set forth in District Judge Churchill's opinion.